UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHERYL LEWIS,

                                      Plaintiff,

                                      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                                      Defendant.
_____

<u>DECISION AND ORDER</u>

16-CV-6411L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On November 9, 2012 plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. (Dkt. #7 at 19).[1] Her applications were initially denied. Plaintiff requested a hearing, which was held on April 24, 2014 via videoconference before Administrative Law Judge ("ALJ") Marie Greener. *Id*. The ALJ issued an unfavorable decision on October 20, 2014, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 19-30). That decision became the final decision of the Commissioner when the Appeals Council denied review on May 19, 2016. (Dkt. #7 at 1-3). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript (Dkt. #7) refer to the internal Bates-stamped numbers assigned by the parties.

The plaintiff has moved for judgment remanding the matter for further proceedings, and the Commissioner has cross moved for judgment dismissing the complaint, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion (Dkt. #8) is granted, the Commissioner's cross motion (Dkt. #12) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. Where as here a claimant's alleged disability includes mental components, the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir. 1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The same level of deference is not owed to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984). This Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. Therefore, this Court first examines the legal standards applied, and then, if the standards were correctly applied, considers the substantiality of the evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). *See also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

Here, the ALJ determined that the plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, depressive disorder, anxiety disorder, and adult attention deficit disorder. (Dkt. #7 at 21). The ALJ found that plaintiff was capable of performing light work, with the following limitations: capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; capacity to sit, stand or walk for 6 hours in an 8-hour workday, able to work at a low-stress job, defined as work with routine daily tasks that don't significantly change in pace or location, do not require more than simple decision-making, and do not require rapid processing of information, fast-paced tasks, or multi-tasking. (Dkt. #7 at 24). When presented with this RFC determination, impartial vocational expert Linda N. Vause testified that plaintiff could perform the positions of mail clerk, routing clerk and order caller. (Dkt. #7 at 29).

Plaintiff contends that the ALJ's decision is based on legal error and is not supported by substantial evidence. Specifically, plaintiff claims that the ALJ erred in finding that plaintiff can

3

meet the lifting demands of light work, and that the ALJ's RFC finding failed to properly account for plaintiff's difficulties in maintaining attention and concentration. The Commissioner argues that the ALJ committed no legal error, and that substantial evidence in the record exists to support her determination that plaintiff is not disabled.

II.     **The ALJ's Assessment of Plaintiff's Exertional Limitations**

The ALJ determined that plaintiff's spinal degeneration did not prevent her from performing the exertional requirements of light work with respect to lifting and carrying (up to 10 pounds frequently, and 20 pounds occasionally). (Dkt. #7 at 35). Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of her treating chiropractor, Nicholas Frankie ("Frankie"), and a treating physician's assistant, Jessica Smith ("Smith"), and that in turn, that the ALJ's RFC finding is not supported by substantial evidence. (Dkt. #12 at 12-13).

Initially, the Court notes that Dr. Frankie's and Ms. Smith's opinions are the only two medical opinions of record which purport to assess plaintiff's lifting capacity in numerical terms. The opinion of consulting physician Dr. Look Persaud, which the ALJ opted to credit instead, characterizes plaintiff's lifting limitations only in generalized terms, as "moderate." While the Commissioner correctly argues that the opinions of chiropractors and physicians' assistants are not "medical opinions" entitled to controlling weight, *see e.g.*, *Diaz v. Shalala*, 59 F.3d 307, 313 (2d Cir. 1995) (citing 20 C.F.R. § 404.1527(a)(2)), the ALJ improperly discounted the fact that Ms. Smith's opinions were cosigned by plaintiff's primary care physician, internist Dr. Richard L. Parker. The ALJ's failure to apply the treating physician rule to opinions that were cosigned by Dr. Parker, ostensibly due to the absence of evidence of "any significant treating relationship" between plaintiff and Dr. Parker (Dkt. #7 at 28), was improper.

A treating physician's opinion – regardless of whether the physician authored the opinion, or cosigned it – is entitled to controlling weight if it is well supported by medical findings, and is not inconsistent with other substantial evidence. *See Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999). *See also Lewis v. Colvin*, 2014 U.S. Dist. LEXIS 165488 at *9-*10 (W.D.N.Y. 2014) (collecting cases, and noting that the treating physician rule applies equally to opinions cosigned by a treating physician). If an ALJ opts not to afford controlling weight to the opinion of a treating physician, the ALJ must consider: (1) the examining relationship; (2) the extent of the treatment relationship; (3) medical support for the opinion: (4) consistency; and (5) the physician's specialization, along with any other relevant factors. 20 C.F.R. §419.1527(c). Where an ALJ fails to apply these factors and provide good reasons for the weight given to the treating physician's report, remand is required. *See Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999); *Morris v. Colvin*, 2016 U.S. Dist. LEXIS 184030 at *29 (E.D.N.Y. 2016).

Here, while the nature and extent of plaintiff's treating relationship with Dr. Parker is one of the factors the ALJ should have considered in applying the treating physician rule, it did not furnish a sufficient basis for the ALJ to decline to apply the treating physician rule in the first place, and to ignore the rest of the relevant factors, such as Dr. Parker's specialty, medical support for the opinions, etc. If the ALJ believed that the record lacked sufficient evidence concerning plaintiff's treatment relationship with Dr. Parker to make a reasoned application of the treating physician rule, then the ALJ was obligated to recontact Dr. Parker to complete the record: the incompleteness of the record did not entitle the ALJ to simply ignore the treating physician rule altogether. *See Villarreal v. Colvin*, 2015 U.S. Dist. LEXIS 150653 at *83 (S.D.N.Y. 2015) (ALJ erred by affording "little weight" to treating physician's opinion on the basis that records related

5

to that physician were incomplete: the ALJ should have completed the record by seeking additional records from that physician). *See generally Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (when necessary information relating to a treating physician's opinion is absent from the record, the ALJ should reach out to the treating source for clarification).

Furthermore, although it is true that chiropractor Dr. Frankie's opinion was not entitled to controlling weight, the ALJ's decision to reject Dr. Frankie's opinion was nonetheless based on improper and/or irrelevant considerations. First, the ALJ cited the "check-box" nature of the form Dr. Frankie completed, even though it is well settled that the use of such a form is not a valid reason to reject an otherwise relevant opinion. *See*, *e.g.*, *Chalk v. Berryhill*, 2017 U.S. Dist. LEXIS 161347 at *42-*43 (W.D.N.Y. 2017). The ALJ also cited plaintiff's "conservative" treatment history for back pain (consisting of medication management, physical therapy, massage therapy, and specialist treatment from chiropractors, orthopedists, and neurologists) as grounds for rejecting Dr. Frankie's opinion concerning plaintiff's lifting limitations, with no explanation of how the moderate nature of plaintiff's pain management could logically be interpreted as an indication of her lifting ability. Finally, the ALJ referred to the alleged "inconsistency" of Dr. Frankie's opinion with that of examining physician Dr. Persaud – again, with no explanation of how Dr. Persaud's assessment of "moderate" lifting limitations conflicts with Dr. Frankie's opinion that plaintiff cannot lift more than 10 pounds. (In fact, Dr. Persaud's opinion was, on the whole, at least as limiting as Dr. Frankie's: she went on to assess postural and reaching limitations beyond those opined by Dr. Frankie, although the ALJ opted to reject that portion of Dr. Persaud's opinion.)

## III. The ALJ's Assessment of Plaintiff's Non-Exertional Limitations

The ALJ's assessment of plaintiff's non-exertional limitations is infected with similar errors, including the discounting of opinions based primarily on their "check-box" nature and the

6

alleged lack of a "clear treating relationship" between plaintiff and, e.g., co-signing psychiatrist Dr. Sampath Neerukonea. (Dkt. #7 at 28). While the ALJ did, in rejecting those opinions, point to some contradictory evidence of record (Dkt. #7 at 28), the ALJ nonetheless failed to apply the treating physician rule or to otherwise consider the necessary factors. As such, remand is required. *See Selian*, 708 F.3d 409 at 419 (where an ALJ fails to apply the relevant factors and provide good reasons for the weight given to the treating physician's report, remand is required).

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. Plaintiff's motion for judgment on the pleadings (Dkt. #8) is granted, and the matter is remanded for further proceedings consistent with this opinion, including completion of the record and a reasoned application of the treating physician rule to the opinions of plaintiff's treating physicians, and re-evaluation of relevant opinions from non-medical sources, including Dr. Frankie.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 26, 2018.