UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHERYL LEWIS,

                                                                    DECISION AND ORDER

                      Plaintiff,

                                                                    16-CV-6411L

        v.

ANDREW SAUL,
Commissioner of Social Security,

                                  Defendant.
_____

Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #21). Plaintiff's counsel, Peter A. Gorton, seeks an award of $21,400.00 (21% of the award for past-due benefits), which will be reduced by $5,400.00 when counsel refunds to plaintiff the amount previously awarded to the plaintiff for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. #20). This would result in net fees in the amount of $16,000.00, which represents less than 16% of the $103,189.12 sum awarded to plaintiff for past-due benefits.[1]

The Commissioner does not overtly oppose plaintiff's motion, but has filed a response suggesting that the resultant *de facto* hourly rate may be excessive, and pointing out that the motion for attorney's fees was filed prematurely – that is, before the Notice of Award was issued to

---

[1] Plaintiff was awarded an initial payment of $103,189.12 through November 2019, with monthly payments of $1,664.00 thereafter. (Dkt. #23-1).

plaintiff by the Social Security Administration – and did not correctly estimate the amount awarded to plaintiff in the Notice of Award.[2]

I find that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise in Social Security law, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v. Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time records submitted by plaintiff's counsel (Dkt. #21-1), and I find no evidence of delay or duplication of effort.

Here, the net amount of attorney's fees that counsel stands to receive – a total of $16,000.00 – results in a *de facto* hourly rate of $551.72.[3] This amount is within the range of hourly fees found to be reasonable in similar cases in this district. *See e.g., Rice v. Commissioner*, 2019 U.S. Dist. LEXIS 6405 at *6 (W.D.N.Y. 2019) (collecting cases, and noting that hourly rates of $726.40 per hour and similar are not unreasonable); *Post v. Saul*, 2019 U.S. Dist. LEXIS 111465 at *6 (W.D.N.Y. 2019) (granting attorneys fees which result in a *de facto* hourly rate of $677.21); *Wells v. Berryhill*, 2018 U.S. Dist. LEXIS 196634 at *8 (W.D.N.Y. 2018) (finding that a fee request that would result in *de facto* rates of $911.50 per hour is unreasonable, and reducing the award to a "reasonable" fee with *de facto* hourly rates of $740.85 per hour); *Vinson v. Colvin*, 2016 U.S. Dist.

---

[2] Counsel over-estimated past-due benefits at $130,000.00. (Dkt. #21-1). The award, instead, was $103,189.12. (Dkt. #23-1). Because the instant decision relies on calculations using the correct figure, and because the amount sought by counsel still does not exceed the 25% statutory cap or result in an unreasonable hourly rate, any miscalculations by plaintiff's counsel in his motion papers are harmless.

[3] The Commissioner calculates the *de facto* hourly rate as $737.93, using as the operative figure the $21,400.00 sought by plaintiff's counsel in the instant motion. Because the amount of attorney's fees will be significantly reduced when counsel refunds the $5,4000.00 EAJA award to plaintiff, the Court has made its *de facto* hourly rate calculations based on the net amount of attorney's fees ($16,000.00) that plaintiff's counsel stands to receive. *See e.g.*, *Sarah L. v. Colvin*, 2018 U.S. Dist. LEXIS 199871 at *8 n.3 (calculating the *de facto* hourly rate based upon the net amount of attorney's fees sought, after reduction for the refunded EAJA fee); *Baker v. Colvin*, 2014 U.S. Dist. LEXIS 109038 at *4 (W.D.N.Y. 2014) (calculating *de facto* hourly rate after reduction by refund of the prior EAJA award). However, even if the higher figure were used, the resulting hourly rate would still be consistent with hourly rates that have been found reasonable in this district. *See Rice*, 2019 U.S. Dist. LEXIS 6405 at *6.

LEXIS 83880 at *4-*5) (W.D.N.Y. 2016) (noting that the "Second Circuit has upheld as non-'windfalls' a higher *de facto* hourly rate than that found here, which totaled $588.90 per hour"); *McCarthy v. Colvin*, 2016 U.S. Dist. LEXIS 78273 at *4-*5 (W.D.N.Y. 2016) (finding a *de facto* hourly rate of $758.69 per hour to be reasonable, and observing that Second Circuit has upheld fee awards at even higher rates).

The Court further observes that outside of the Social Security context, a contingent fee typically represents the past and future value of the case. Within the Social Security context however, the statute specifies that attorney's fees are to be based solely on the amount awarded for past-due benefits. *See* 42 U.S.C. §406(b)(1). Here, because plaintiff also received future benefits including monetary payments and insurance coverage, the value of this case to plaintiff, and the results achieved by her counsel, are not fully reflected by the amount of past-due benefits. In contrast, counsel assumed a substantial risk in taking this case, given that plaintiff's claim had been denied at all levels of agency review prior to the initiation of this action. As a recent case in this district acknowledged, the remand rate for Social Security disability appeals is only 45%, and only 66% of the remanded cases result in awards. *Post*, 2019 U.S. Dist. LEXIS 111465 at *6.

Thus, in considering the instant motion, the Court has taken note of the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).[4] The Court also observes that the amount sought, both before and after the refund of EAJA fees, does not exceed the statutory 25% cap. *See* 42 U.S.C. §406(b)(1)(A).

---

[4] The deference owed to fee agreements between attorneys and clients is an additional factor to be considered under *Gisbrecht*: however, plaintiff's counsel has offered no evidence on that point.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #21) in the amount of $21,400.00 is granted. The award is to be made payable to Peter A. Gorton, Esq., attorney for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees (Dkt. #20) to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 13, 2020.